Filed 2/6/24  P. v. Gomez CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE GOMEZ,<br><br>    Defendant and Appellant. | B314215<br><br>Los Angeles County<br>Super. Ct. No. PA087810 |

APPEAL from an order of the Superior Court of Los Angeles County, Hilleri G. Merritt, Judge. Reversed and remanded with instructions.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant and appellant Jorge Gomez of willful, premeditated, and deliberate attempts to murder four of his abused ex-girlfriend's family members. It also convicted him of various other crimes. On appeal, a different panel of this court concluded, among other things, that the trial court erred by sentencing Gomez to terms of 15 years to life on the attempted murder convictions. (*People v. Gomez* (Dec. 11, 2020, B295182) [nonpub. opn.] (*Gomez I*). On remand, the trial court modified the attempted murder sentences to seven years to life on each count.

On appeal, Gomez argues the case must be remanded for a full resentencing hearing so the trial court can apply Assembly Bill (AB) Nos. 124 and 518, as well as Senate Bill (SB) No. 81. The Attorney General agrees remand is warranted for the court to apply ABs 124 and 518, but argues the court should not apply SB 81 on remand. As discussed in greater detail below, we agree with Gomez. The matter is remanded for a full resentencing hearing at which the trial court is directed to apply all three laws.

## PROCEDURAL BACKGROUND

In 2018, a jury convicted Gomez of four counts of willful, premeditated and deliberate attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a); counts 1-3 & 8); fleeing a pursuing peace officer (Veh. Code, § 2800.2; count 5); hit and run driving resulting in property damage (Veh. Code, § 20002, subd. (a); count 7); dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 9); and four counts of assault with a deadly weapon

---

[1] All undesignated statutory references are to the Penal Code.

(§ 245, subd. (a)(1); counts 10-13). The jury found true various weapon use and great bodily injury allegations. The trial court originally sentenced Gomez to 15 years to life on each attempted murder count (60 years to life total), plus determinate terms on various other counts and allegations totaling 10 years and 8 months. The court stayed sentencing under section 654 on counts 10 through 13.

On direct appeal, a different panel of this court reversed Gomez's conviction on count seven and affirmed the remaining convictions. (*Gomez I*, *supra*, B295182.) This court also concluded the trial court erred by sentencing Gomez to 15 years to life on each attempted murder conviction and ordered the sentences corrected. (*Ibid.*)

On remand, in July 2021, the trial court modified the attempted murder sentences to seven years to life on each count. The court imposed a modified sentence of 28 years to life plus a determinate term of 10 years and 8 months.

Gomez timely appealed the sentence imposed at his July 2021 resentencing hearing. At a later resentencing hearing held in November 2022, the trial court modified Gomez's sentence, imposing concurrent instead of consecutive terms on counts five and nine, reducing Gomez's determinate sentence to seven years. Gomez's appellate counsel augmented the record to include the reporter's transcript of the resentencing hearing held in November 2022. Although this is an appeal from the resentencing hearing that occurred in July 2021, in this opinion we also analyze what occurred at the November 2022 resentencing hearing for the sake of judicial economy.

## DISCUSSION

### I. The matter is remanded for resentencing in light of recently enacted ameliorative sentencing laws

#### A. AB 518

Effective January 1, 2022, AB 518 (2021-2022 Reg. Sess.) amended section 654 by removing the requirement that a defendant be punished under the statute providing for the longest term of imprisonment. (Stats. 2021, ch. 441, § 1.) Before the enactment of AB 518, under section 654, "the sentencing court was required to impose the sentence that 'provides for the longest potential term of imprisonment' and stay execution of the other term." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379 (*Mani*).) "As amended by [AB] 518, . . . section 654 now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence." (*Mani*, *supra*, at p. 379.)

As noted above, the trial court sentenced Gomez on his four attempted murder convictions, but stayed sentencing on the four assault convictions under section 654. As also noted above, Gomez's sentencing hearing occurred in July 2021, before AB 518 took effect. The parties agree, and we agree with the parties, that Gomez is entitled to the retroactive benefit of AB 518 as his case is not yet final. (*People v. Jones* (2022) 79 Cal.App.5th 37, 45 [AB 518 applies retroactively to nonfinal cases].) We therefore vacate Gomez's sentence and remand the matter to the trial court for another resentencing hearing. On remand, the trial court may properly revisit all its sentencing choices in light of the new

4

legislation. (*People v. Buycks* (2018) 5 Cal.5th 857, 893 (*Buycks*) ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].)

## B. AB 124 & SB 81

Also effective January 1, 2022, AB 124 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b)(6), making the low term the presumptive sentence under certain circumstances, including where an offender's childhood trauma or youth were contributing factors in the offense. (Stats. 2021, ch. 695, § 5.3.) As Gomez notes, the augmented record contains evidence suggesting these circumstances may be present in his case, including a psychological report written by Dr. Nadim N. Karim and filed in the trial court after the July 2021 sentencing hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). The trial court is directed to exercise its sentencing discretion in light of all changed circumstances, including the enactment of AB 124 and other new applicable sentencing laws. (See *Buycks, supra,* 5 Cal.5th at p. 893 [full resentencing hearing is appropriate in light of changed circumstances].) To this end, the court is likewise directed to apply SB 81 (2021-2022 Reg. Sess.) at Gomez's resentencing hearing.[2]

---

2      We disagree with the Attorney General's contention that the court should not apply SB 81 on remand. Effective January 1, 2022, SB 81 amended section 1385 by adding subdivision (c), which requires courts to strike sentencing enhancements when it is in the interest of justice to do so, while affording great weight to evidence offered by the defendant to prove mitigating factors. (Stats. 2021, ch. 721, § 1.) One such mitigating circumstance is

## C. A note regarding Gomez's November 2022 resentencing hearing

Although Gomez appeals the judgment entered at his July 2021 sentencing hearing, we note that his appellate counsel augmented the record to include information relating to a later resentencing hearing which took place in November 2022. The augmented record includes a "Sentencing Memorandum and Statement in Mitigation" that Gomez's trial counsel filed in the trial court on September 21, 2022, pursuant to *Franklin*, along with a psychological report. The augmented record also includes a separate sentencing memorandum filed by defense counsel on September 21, 2022, in which counsel asked the trial court to apply new ameliorative laws at Gomez's resentencing hearing. Gomez's appellate counsel also augmented the record to include the reporter's transcript of the resentencing hearing held in November 2022.

Although it appears the trial court may have applied some of the ameliorative laws discussed in this opinion at the November 2022 resentencing hearing, the full extent to which the court did so is unclear from the reporter's transcript of that hearing. It also appears that, when discussing SB 81, the prosecution incorrectly represented that Gomez was precluded from any relief afforded by modified section 1385 because his underlying crimes were violent felonies. The prosecution apparently misread section 1385, subdivision (c)(2)(F) as precluding relief when an underlying offense is violent under

when multiple enhancements are alleged in a single case, as happened here. (§ 1385, subd. (c)(2)(B).) As the Attorney General points out, SB 81 applies to "all sentencings occurring after January 1, 2022." (§ 1385, subd. (c)(7).)

section 667.5, subdivision (c).[3] It appears the trial court may have denied Gomez SB 81 relief based on the prosecution's misreading of the statute. On remand, despite Gomez's violent felonies, the court nonetheless *may* grant relief under SB 81. We express no opinion, however, on whether the particulars of Gomez's case warrant such relief.

---

3      Contrary to the prosecution's reading of the statute, the language of section 1385, subdivision (c)(2)(F) does not preclude relief when an underlying felony is violent. Rather, the statute states that when the underlying crime is *not* a violent felony, that serves as one of multiple possible factors in mitigation to which the court must afford great weight when determining whether to dismiss an enhancement. The statute thus does not foreclose relief for individuals convicted of violent felonies. Rather, as discussed above in footnote 2, it allows trial courts the discretion to strike sentencing enhancements in cases such as this where multiple enhancements were alleged.

## DISPOSITION

Gomez's sentence is vacated. We remand the case for resentencing. At Gomez's resentencing hearing, the trial court is directed to consider and apply AB 518, AB 124, and SB 81. We express no opinion regarding what specific sentence the court should impose on remand.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, P. J.

We concur:

COLLINS, J.

MORI, J.